UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL ALLRED,

       Plaintiff,

                                  File No.  1:07-CV-174

v.

                                  HON. ROBERT HOLMES BELL

JERRY BROEKHUIS and CHAD
BROEKHUIS,

       Defendants.

_____/


**O P I N I O N**

    This is a personal injury action arising out of a collision between two off-road vehicles.  Defendants have filed a  motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  For the reasons that follow their motion will be denied.


**I.**

    The standard of review for a Rule 12(c) motion for judgment on the pleadings is nearly identical to that employed for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006).  In reviewing a Rule 12(c) motion the court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief."  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th

Cir.2001) (citations omitted).  However, the court does not need to accept as true legal conclusions or unwarranted factual inferences.  *Kottmyer*, 436 F.3d at 689.

## II.

The relevant allegations in Plaintiff's complaint are as follows.  On October 1, 2005, Plaintiff Daniel Allred was operating an all-terrain vehicle ("ATV") in an easterly direction on the Lincoln Hills Trail, a state-owned trail designated for use by operators of off-road vehicles ("ORVs"), including ATVs,[1] in Lake County, Michigan.  (Docket # 1, Compl., Count I,  ¶¶ 2, 4.)  At the same time, Defendant Chad Broekhuis was operating an ATV in a westerly direction on the same trail.  (*Id.* at ¶ 5.)  As the two ATVs approached each other Chad Broekhuis crossed into the eastbound side of the trail and struck Plaintiff's ATV, causing Plaintiff to be thrown from his ATV.  (*Id.* at ¶¶ 5, 8.)  Plaintiff suffered personal injuries as a result of Chad Broekhuis' negligent operation of the ATV.  (*Id.* at ¶¶ 6-8).  The ATV driven by Chad Broekhuis was owned by his father, Defendant Jerry Broekhuis. (Compl., Count II, ¶ 8.) Jerry Broekhuis, as the owner of the ATV, is liable to Plaintiff pursuant to the Michigan Motor Vehicle Code ("MVC").  (*Id.* at ¶ 10.)

## III.

Defendants have moved for judgment on the pleadings based upon the recreational activities doctrine recognized in *Ritchie-Gamester v. City of Berkley*, 461 Mich. 73, 89, 597 N.W.2d 517 (1999) (adopting "reckless misconduct as the minimum standard of care for

---

[1]The term "ORV" is defined under Michigan law to include an ATV.  M.C.L. § 324.81101(n) (Supp. 2007).

2

coparticipants in recreational activities.").  Defendants contend that because Plaintiff's complaint is premised on ordinary negligence in the course of a recreational activity, it does not set forth a legal theory upon which relief may be granted.

In response Plaintiff contends that the recreational activities doctrine does not apply to ORVs.  Plaintiff notes that the Michigan Court of Appeals has held that ORVs are governed by the ordinary negligence standard of civil liability found in the Michigan Motor Vehicle Code.  *Van Guilder v. Collier*, 248 Mich. App. 633, 650 N.W.2d 340 (2001).

Federal courts sitting in diversity must apply state law in accordance with the controlling decisions of the highest court of the state.  *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Where the state's highest court has not addressed the issue, "the federal court must attempt to ascertain how that court would rule if it were faced with the issue." *Id.*  In attempting to ascertain how the Michigan Supreme Court would rule, "[t]he Court may use the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the 'majority' rule in making this determination." *Id.*  "A federal court should not disregard the decisions of intermediate appellate state courts unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.*  (citing *Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

The issue of the applicable standard of care for the operation of ORVs has not been addressed by Michigan Supreme Court.   Accordingly, the Court must attempt to ascertain how the Michigan Supreme Court would rule.   Because the Michigan Court of Appeals squarely addressed the issue in *Van Guilder*, *supra*, the Court's analysis of Defendants' motion for judgment on the pleadings must begin with that opinion.

In *Van Guilder*, the Michigan Court of Appeals held, as a matter of first impression, that the MVC's civil liability provision and its negligence standard of care applies to the operation of ORVs.   248 Mich. App. at 639.   In reaching this decision the Court of Appeals first distinguished the operation of motorized vehicles from the kinds of recreational activities that were considered by the Supreme Court in *Ritchie-Gamester*.   248 Mich. App. at 636.   The court then noted that two statutory schemes apply to the operation of ORVs. ORVs have been held to be "motor vehicles" as defined by the MVC, M.C.L. § 257.33, to which certain provisions of the MVC apply.   248 Mich. App. at 638 (citing cases).   ORVs are also governed by the off-road recreation vehicles section of the Natural Resources and Environmental Protection Act ("NREPA"), M.C.L. § 324.81101-.81150.   248 Mich. App. at 638.   The civil liability act of the MVC allows for the imposition of liability for injury caused by ordinary negligence in the operation of a motor vehicle.   248 Mich. App. at 637 (citing M.C.L. § 257.401(1)).   The NREPA, on the other hand, does not address civil liability arising from the operation of an ORV.   *Id.* at 639.   The Michigan Court of Appeals held that because the two statutes relate to the same subject and are harmonious and complementary, the in pari

4

material doctrine applies, and the statutes should be read together as one law. *Id.* at 639. The Court of Appeals concluded that the MVC's civil liability provision applies to the operation of an ORV and "imposes a negligence rather than a recklessness, standard of care." *Id.* at 639.

Defendants contend that *Van Guilder* should not be followed because it misconstrued the current status of Michigan law and was wrongly decided.  In support of this argument Defendants contend that *Van Guilder* erroneously failed to apply the rule of statutory construction that when two statutes conflict, and one statute is specific to the subject matter while the other is only generally applicable, the specific statute prevails, particularly when the more specific statute is also the more recent. *See Nat'l Ctr. for Mfg. Sciences, Inc. v. City of Ann Arbor*, 221 Mich. App. 541,549,  563 N.W.2d 65 (1997).

According to Defendants, in 2003, following the Supreme Court's application of the recklessness standard in *Ritchie-Gamester*, the Michigan legislature amended the snowmobile provision of the NREPA to clarify that the recklessness standard espoused in *Ritchie-Gamester* did not apply to the operation of snowmobiles.[2]  Defendants note that the personal watercraft section of the NREPA similarly provides that tort liability attaches when an injury is occasioned by ordinary negligence.  M.C.L. § 324.80207 (Supp. 2007). Defendants contend that the legislature's failure to amend the ORV section of the NREPA

---

[2]The amendment to the snowmobile section provides that the risks assumed by participants in the sport of snowmobiling "do not include injuries to persons or property that can result from the use of a snowmobile by another person in a careless or negligent manner likely to endanger person or property."  M.C.L. § 324.82126(6) (Supp. 2007).

to extend liability to ORV accidents caused by ordinary negligence evidences a legislative intent to allow tort liability to attach within the context of ORV operation only for conduct that amounts to recklessness.  Defendants contend that *Van Guilder* erred by relying on the liability provisions of the MVC, the older and more general statute, to control the conduct of ORV operation, rather than on the NREPA, which is the more recent and specific statute.

In the alternative, Defendants contend that *Van Guilder* is distinguishable because the ORVs in *Van Guilder* were not being used for a recreational purpose at the time of the accident.  The accident in *Van Guilder* occurred when the defendant, who was riding his ORV directly behind the plaintiff, attempted to push the plaintiff's ORV up over the top of a hill. 248 Mich. App. at 634.

The Court is not persuaded by Defendants' arguments.  First, *Van Guilder* is not distinguishable on the facts.  The *Van Guilder* opinion was premised on the assumption that the parties were engaged in a recreational activity.  The court distinguished the facts before it from *Ritchie-Gamester* not because the activity was not recreational, but because the recreational activity involved the operation of motor vehicles.  248 Mich. App. at 636.

Second, there is no language in *Ritchie-Gamester* to suggest that the Michigan Supreme Court ever intended the recreational activities doctrine to apply to activities involving motorized vehicles.  Before adopting and applying the recreational activities doctrine to the ice-skating accident at issue in *Ritchie-Gamester*, the Michigan Supreme Court considered a number of cases involving recreational activities ranging from duck

hunting, to amateur hockey, baseball, golf, soccer, tennis, softball, touch football, kick the can, horse racing, and amusement park rides.  461 Mich. at 77-87.  None of the recreational activities considered in *Ritchie-Gamester* involved motorized vehicles.  Moreover, the Michigan Supreme Court anticipated that the scope of the recreational activities doctrine would be determined by courts on a case-by-case basis:

> We recognize that we have stated this standard broadly as applying to all "recreational activities."  However, the precise scope of this rule is best established by allowing it to emerge on a case-by-case basis, so that we might carefully consider the application of the recklessness standard in various factual contexts.

461 Mich. at 89 n.9.

In *Van Guilder* the Court of Appeals addressed the scope of the recreational activities doctrine and declined to adopt the "speculative conclusion that our Supreme Court intended that a recklessness standard of care apply with regard to the operation of motorized recreation vehicles simply because they are usually used for recreational purposes."  248 Mich. App. at 636.  "The operation of motor vehicles, including ORVs, is not governed by the 'rules of the game,' but by the law."  *Id.*  Defendants have not identified any court cases that have applied the *Ritchie-Gamester* recreational activities doctrine or the recklessness standard to the operation of ORVs or any other motorized recreation vehicles.

Third, Defendants' contention that the *Van Guilder* court erred in failing to apply the proper rule of statutory construction is also unpersuasive.  The rule for applying the more recent and specific statute only applies where two statutes conflict.  *Nat'l Ctr. for Mfg.*

7

*Sciences*, 221 Mich. App. at 549.  Because the NREPA is silent with respect to the standard of liability for the operation of ORVs, there is no conflict between the NREPA and the MVC's civil liability provision.

Finally, the Court is not persuaded by Defendants' suggestion that a clear legislative intent to apply the recklessness standard to ORVs can be drawn from the legislature's failure to amend the ORV section of the NREPA.  What the legislature intended by not amending the statute is a matter of pure speculation.  Because *Van Guilder* was decided in 2001, before the 2003 amendments to the NREPA's snowmobile section, the legislature's failure to amend the NREPA's ORV section could just as easily be understood to indicate the legislature's satisfaction with *Van Guilder's* application of a negligence standard to ORVs.  Alternatively, the legislature might have perceived that there was no need to articulate a negligence standard for ORVs because the NREPA already recognizes that ORVs are covered in part by the MVC.  *See, e.g.*, M.C.L. § 324.81101(b) (defining "Code" to mean the Michigan Motor Vehicle Code); M.C.L. § 324.81104 (permitting ORVs to be titled under the NREPA or the MVC).  Indeed, the fact that other motorized transportation devices (watercraft and snowmobiles) are subject to the standard of ordinary negligence can be understood as a legislative intent to subject all motorized transportation devices to a negligence standard of care as opposed to a recklessness standard of care.

Defendants' arguments for disregarding *Van Guilder* are creative, but they are not persuasive.  In the absence of persuasive data that the Michigan Supreme Court would reject

*Van Guilder* and apply the recreational activities doctrine to ORVs, the Court is not free to disregard the Court of Appeals' decision in *Van Guilder*. *See Meridian*, 197 F.3d at 1181. The Court concludes that the Michigan Supreme Court would follow *Van Guilder* and apply a negligence standard of care to the operation of ORVs. Defendants' motion for judgment on the pleadings will accordingly be denied.

An order consistent with this opinion will be entered.


Date:   __October 18, 2007__          /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE